NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH KANE, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 18-3475-BRM-DEA |
| OLLIE'S BARGAIN OUTLET HOLDINGS, INC., | : **OPINION** |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Ollie's Bargain Outlet Holdings, Inc.'s ("Ollie's" or "Defendant") Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania (ECF No. 9.) Plaintiffs Joseph Kane ("Kane"), Candi Amuso ("Amuso"), and Keisha Edwards's ("Edwards") (collectively, "Plaintiffs") oppose the Motion. (ECF No. 10.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion to Transfer is **GRANTED.**[1]

**I.    BACKGROUND**

This case, a putative collective action brought by Plaintiffs on behalf of themselves and all other persons similarly situated, arises out of claims under the Fair Labor Standards Act of 1938

---

[1] In addition to its Motion to Transfer Venue, Ollie's moves to dismiss Plaintiffs' claims for equitable relief pursuant to Federal Rules of Civil Procedure 12(b)(1). In light of the Court's decision granting the Motion to Transfer Venue, Ollie's Motion to Dismiss is moot and may be refiled in the transferee court as appropriate.

("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, against Ollie's, a chain retailer of brand name merchandise operating 250 stores in 20 states. (Compl. (ECF No. 1) ¶¶ 1, 18-19.) Plaintiffs are former employees of Ollie's. (*Id.* ¶¶ 7, 9, 12.) Kane is a resident of Philadelphia, Pennsylvania and worked at Ollie's in New Jersey. (*Id.* ¶¶ 6-7.) Edwards and Amuso are residents of North Carolina and worked at Ollie's in North Carolina. (*Id.* ¶¶ 9-10, 12-13.) Ollie's is a Delaware corporation headquartered in Pennsylvania. (*Id.* ¶ 16.)

During the course of employment, Plaintiffs were given the designation of "Co-Team Leaders" and classified as exempt from coverage of the FLSA overtime protection provisions. (*Id.* ¶¶ 36, 51.) However, Plaintiffs allege their primary job duties as "Co-Team Leaders" did not materially differ from the duties of non-exempt hourly employees. (*Id.* ¶ 47.) Plaintiffs allegedly worked over forty hours per workweek without receiving overtime wage. (*Id.* ¶ 37.) Specifically, Plaintiffs allege, "Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Co-Team Leaders and other similarly situated current and former employees holding comparable positions . . . , as exempt from coverage of the overtime provisions of the FLSA." (*Id.* ¶¶ 50, 70.) Accordingly, Plaintiffs bring this putative collective action against Ollie's for misclassifying and failing to pay overtime compensation to non-exempt employees in violation of the FLSA, 29 U.S.C. §§ 201, *et. seq.* (*Id.* ¶¶ 56-57.) Plaintiffs are seeking to recover (a) "unpaid wages for all of the hours worked by them, as overtime compensation"; (b) additional, equal amount of liquidated damages for Ollie's alleged willful violation of the FLSA; and (c) wages for unreasonably delayed payments, attorneys' fees, and costs. (*Id.* ¶ 83.) Further, Plaintiffs seek declaratory and injunctive relief to enjoin Ollie's from engaging in the alleged practices. (*Id.* at Prayer for Relief.)

## II. LEGAL STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which reads:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Therefore, in deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue. *Fernandes v. Deutsche Bank Nat'l Trust Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015); *see* 28 U.S.C. § 1391. Venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Once proper venue is established, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000). However, "the burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

In exercising its discretion and ruling on this motion, a court applies a balancing test that takes into account the three factors enumerated in Section 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000) (citation 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879). These factors are not exclusive and must be applied through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id.* at 527 (citation omitted).

3

The first two factors have been refined into a non-exhaustive list of private and public interest factors for a court examine and balance. *See Jumara*, 55 F.3d at 879-80. With respect to the private interest factors, a court should consider:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (citing *Jumara*, 55 F.3d at 879). With respect to the public interest factors, a court should consider:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases."

*Id.* (citing *Jumara*, 55 F.3d at 879-80).

### III. DECISION

#### A. Personal Jurisdiction

In moving to transfer venue, Ollie's argues the Middle District of Pennsylvania is a proper and superior venue. (ECF No. 9 at 3.) As an initial matter, this action may be transferred pursuant to the plain language of 28 U.S.C. § 1404(a), where "a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, Ollie's is

the sole defendant in this matter and headquartered in Harrisburg, Pennsylvania. (ECF No. 1 ¶ 16.) Accordingly, the Court finds this action could have been brought in the Middle District of Pennsylvania and may, therefore, proceed with its analysis of weighing private and public interest factors.

### B. Private Interest Factors

Ollie's argues private interest factors weigh in the favor of transferring this matter to the Middle District of Pennsylvania. (ECF No. 9 at 5.) Specifically, Ollie's argues the Middle District of Pennsylvania is where the company is headquartered and centrally operates, a larger number of putative collective members reside, Plaintiffs' claims arose, and key witnesses and documents are located. (*Id.* at 5-11.) In opposition, Plaintiffs argue private interest factors weigh against transfer. (ECF No. 10 at 6-8.) Specifically, Plaintiffs argue their choice of forum should be given greater deference and Plaintiffs' claims arose in the District of New Jersey. (*Id.* at 7-9.) Additionally, Plaintiffs argue Ollie's conducts business in New Jersey, key witnesses working for Ollie's are likely to testify regardless of venue, and Ollie's has greater financial resources to afford litigating in this District. (*Id*. at 10-11.)

#### 1. Parties' Forum Preferences and Convenience of the Parties.

The parties' forum preferences and convenience in this action inherently compete. Generally, "the plaintiff's choice of forum is of paramount concern in deciding a motion to transfer venue." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 681 (D.N.J. 1993). However, "[t]he choice of forum by a plaintiff is simply a preference; it is not a right." *Liggett*, 102 F. Supp. 2d at 530. Notably, a plaintiff's choice of forum "becomes substantially less important [where] he sues representatively on behalf of a class." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996) (quotation omitted). In the present case, although the

District of New Jersey is Plaintiffs' preferred venue, Plaintiffs bring this action on behalf of a putative collective with members located across the United States. (ECF No. 1 ¶ 21.) Because potential members are scattered throughout several states, Plaintiffs' choice of forum is afforded less deference. *See Santomenno v. Transamerica Life Ins. Co.*, No. 11-736, 2012 WL 1113615, at *5 (D.N.J. Mar. 30, 2012) ("[A] plaintiff's choice of forum is accorded less deference because the potential members of the class will likely be scattered across the United States."). Therefore, where potential plaintiffs reside in both districts but no defendant is located in the District of New Jersey, the Middle District of Pennsylvania is the more favorable venue. *Spack v. Trans World Entm't Corp.*, No. 17-2687, 2017 WL 6209218, at *7 (D.N.J. Dec. 8, 2017).

Further, while "substituting one party's inconvenience for another's hardly appears a substantial reason for granting [a] motion [to transfer]," *Park Inn Int'l, LLC,* 105 F. Supp. 2d at 378, a transfer here will not result in a mere substitution of inconveniences. Generally, "a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum." *Windt v. Qwest Comm. Intern., Inc.*, 529 F. 3d 183, 190 (3d Cir. 2008), *cert. denied*, 555 U.S. 1099 (2009). However, none of the named Plaintiffs reside in New Jersey. (ECF No. 1 ¶¶ 6, 9, 12.) Indeed, Pennsylvania is not only home to Ollie's, but also home to Kane, a named Plaintiff. (*Id.* ¶ 6.) Neither Edwards nor Amuso, are from New Jersey, but residents of North Carolina. (*Id*. ¶¶ 9, 12.) Therefore, because the sole defendant in this case is headquartered in Pennsylvania, but none of the named Plaintiffs reside in New Jersey, the private interest factors weighing parties' forum preferences and convenience favors transfer to the Middle District of Pennsylvania. *See FerraTex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 440 (D.N.J. 2015) (finding that "a plaintiff's preference, manifested through his or her forum choice, is to be given less deference when the choice is not the plaintiff's home forum"); *Plotnick v. Comput. Sci. Corp. Deferred Comp. Plan*

*for Key Exec.*, No. 14-303, 2015 WL 4716116, at *2 (D.N.J. Aug. 7, 2015) ("Although the plaintiffs' choice of venue generally militates against transfer, less deference may be appropriate where, as here, the plaintiff does not sue in his forum."); *Spack v. Trans World Entm't Corp.*, No. 17-2687, 2017 WL 6209218, at *7 (D.N.J. Dec. 8, 2017).

2. Forum Plaintiffs' Claims Arose

The parties dispute the location of where Plaintiffs' FLSA claims arose. (ECF No. 9 at 7; ECF No. 10 at 7.) The third private interest factor—whether the plaintiffs' claims arose elsewhere—"may be best understood as a consideration of which forum constitutes the 'center of gravity' of the dispute, its events, and transactions." *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, No. 11-1464, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011) (citing *Park Inn Int'l*, 105 F. Supp. 2d at 377-78). Significantly, "the location of the alleged injury is not considered when determining the 'center of gravity' or where the claim arose in matters where no physical injury has occurred." *Santomenno*, 2012 WL 1113615, at *8. Rather, "[t]he center of gravity analysis is a fact sensitive inquiry that seeks to identify the forum in which the operative facts giving rise to the litigation occurred." *Id.*, at *7*; Days Inns Worldwide, Inc. v. Ram Lodging, LLC*, No. 09-2275, 2010 WL 1540926, at *6 (D.N.J. Apr. 14, 2010). Accordingly, "[w]hen the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *LG Elecs., Inc. v. First Intern. Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (citation omitted).

Here, while Kane was personally affected by Ollie's conduct when working in New Jersey, the crux of Plaintiffs' putative collective action is "Defendant has engaged in a widespread pattern and practice of violating the FLSA." (ECF No. 1 ¶ 75.) Indeed, throughout their Complaint, allegations focus on Ollie's "failure to compensate its employees, including Plaintiffs and

7

Collective Action Members." (*Id.* ¶ 79.) It is Ollie's "centralized, company-wide policy, pattern and/or practice" (*id.* ¶ 50), not the underlying damage suffered to Kane, which must be considered to determine the center of gravity of this litigation. *See NPR, Inc. v. Am. Intern. Ins. Co. of Puerto Rico*, No. 00-242, 2001 WL 294077, at *4 (D.N.J. Mar. 28, 2001); *Santomenno*, 2012 WL 1113615, at *8 ("[B]ecause Plaintiffs are acting on behalf of a putative class, it is important to recognize that members of the proposed class will have suffered injury throughout the United States and its territories."). Therefore, Ollie's Pennsylvania headquarters where company-wide policies and practices were instituted is the center of gravity of Plaintiffs' claims. *In re Consolidated Pariodel Litig.*, 22 F. Supp. 2d 320, 323-24 (D.N.J. 1998) ("The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside the chosen forum."). Accordingly, this factor weighs in favor of transfer.

      3.  <u>Conveniences of the Witnesses & Location of Books and Records</u>

The parties dispute whether the convenience for key witnesses and location of documents favor transfer to the Middle District of Pennsylvania. (ECF No. 9 at 10-11; ECF No. 10 at 10-11.) "Witness convenience should be considered only to the extent that any witness may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Plaintiffs rely on *TruePosition, Inc. v. Polaris Wireless, Inc.*, for the position that each party is "obligated to procure attendance of its own employees for trial." No. 12-646, 2012 WL 5289782, at *6 (D. Del. Oct. 25, 2012) (citation omitted). However, Ollie's identifies one key witness, a now-retired Vice President of Human Resources, who no longer works for Ollie's and resides beyond of this Court's subpoena power. (ECF No. 9 at 10); *see also Travelodge Hotels, Inc.*, 2011 WL 5869602, at *7 ("To the extent that identified key witnesses are beyond the compulsory process of this court, this factor weighs . . . in favor of transfer to the alternative forum." (citation omitted)); *Newhall v. Chase*

*Home Fin. LLC*, No. 10-2749, 2010 WL 4387517, at *5 (D.N.J. Oct. 28, 2010) (finding "[a] forum's inability to reach non-party witnesses outside of this radius is therefore an important factor weighing against transfer."). In contrast, Plaintiffs fail to identify any potential witnesses who would fall outside the Middle District of Pennsylvania's subpoena power.

Moreover, while Plaintiffs offer to travel to the location of Ollie's witnesses for deposition and argue former employees "would most likely testify in a 30(b)(6) deposition, regardless of venue" (ECF No. 10 at 10), "[t]he availability of depositions as a method of providing witness testimony is not determinative [in requests to transfer venue]." *Ramada Worldwide v. Bellmark Sarasota*, 2006 WL 1675067, at *4 (D.N.J. June 15, 2006). Accordingly, the convenience of the witnesses favors transfer.

Finally, with respect to the last private interest factor—the location of books and records—Ollie's concedes advances in technology have allowed for the ease in exchanging documents. (ECF No. 9 at 11.) Accordingly, this factor weighs against transfer. *See Travelodge Hotels, Inc.*, 2011 WL 5869602, at *7 ("[T]he location of the relevant documents will only be considered to the extent that the documents relevant to the litigation would be unduly burdensome or expensive to transport to either forum." (citing *RAM Lodging*, 2010 WL 1540926, at *7)).

### C. Public Interest Factors

The parties do not contest whether two of the six public interest factors—the enforceability of any judgment or the familiarity of the trial judge with applicable state law in diversity cases—weigh in favor of or against an alternative forum. (ECF No. 9 at 12; ECF No. 10 at 11-12.) Therefore, those two factors are neutral in this analysis, and the parties contest the remaining four public interest factors: (1) the practical considerations of trial, (2) relative court congestion, (3)

local interest in deciding the controversy, and (4) public policy of the fora. *Jumara*, 55 F.3d at 879-880

Ollie's argues litigation in the Middle District of Pennsylvania will be easier, less expensive and more expeditious. (ECF No. 9 at 12.) Specifically, Ollie's argues "several personnel who could testify regarding the development and implementation of Ollie's wage and hour policies and practices[] are located in Harrisburg." (*Id.*) Plaintiffs argue trial will not be burdensome because Ollie's does business in New Jersey and has greater financial resources to afford litigating in this District. (ECF No. 10 at 12-13.)

The Court already found the private interest factors regarding convenience of witnesses weighs in favor of transfer. In weighing the public interest factor related to practical consideration, potential delays caused by witnesses needing to travel may be considered. *See Carter v. U.S.*, No. 10-2927, 2010 WL 3322704, at *3 (E.D. Pa. Aug. 20, 2010); *Colon v. Pitney Bowes Corp.*, No. 06-5016, 2007 WL 496875, at *4 (D.N.J. Feb. 8, 2007). In light of the fact Plaintiffs do not reside in New Jersey, and because Ollie's is located in Pennsylvania, the overall likelihood of delays caused by litigation is greater and transfer to the Middle District of Pennsylvania would make trial easier, more expeditious, or less expensive. *See Atanassov v. Amspec Servs., LLC*, No. 15-3628, 2016 WL 740269, at *5 (D.N.J. Feb. 24, 2016). Accordingly, this factor weighs in favor of transfer.

Further, to the extent Ollie's argues transfer is proper because the court's docket for the District of New Jersey is relatively more congested than that of Middle District of Pennsylvania (ECF No. 9 at 11-12), "relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 339 (D.N.J. 2003). Nonetheless, statistics offered by Ollie's shows the District of New Jersey is approximately five months more congested than the Middle District of Pennsylvania. (ECF No. 9 at 13.) Although

Plaintiffs contends the five-month gap is negligible, Plaintiffs do not advance any support for their argument. (ECF No. 10 at 12.) Accordingly, because the District of New Jersey is the relatively more congested venue than the Middle District of Pennsylvania[2], this factor weighs in favor of transfer.

Finally, the parties dispute whether public policy and local interests support transfer. Ollie's argues a Pennsylvania jury should consider the legality of the alleged claims, and the Middle District of Pennsylvania should regulate the conduct of corporations headquartered in its state. (ECF No. 9 at 14-15.) Plaintiffs argue New Jersey jurors have a local interest in deciding this case because Plaintiff Kane's claims arose out of New Jersey. (ECF No. 10 at 12-13.) However, the Court already concluded the center of gravity where Plaintiffs' claim arose was the Middle District of Pennsylvania—Ollie's headquarters where policies and practices surrounding the alleged FLSA claims were instituted. Because Plaintiffs bring this action on behalf of a collective with potential members scattered among several states, interests in this case raises beyond entirely local issues. Therefore, where allegations against Ollie's centers around its Pennsylvania headquarters, and none of the named Plaintiffs reside in New Jersey, public policy and local interests support the Middle District of Pennsylvania as the more favorable venue. Accordingly, these two factors weigh in favor of transfer.

Taking into account the private and public interest factors and the interests of justice, *Liggett Grp., Inc.* 102 F. Supp. 2d at 526 (citing 28 U.S.C. § 1404(a)), the Court finds Ollie's meets its burden of establishing the need for transfer. *Jumara*, 55 F. 3d at 879. Accordingly, Ollie's Motion to Transfer Venue to the Middle District of Pennsylvania is **GRANTED.**

---

[2] *See* United States Courts, *Statistical Tables for the Federal Judiciary* tbl. C-5 (June 30, 2018), http://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2018/06/30.

## IV. CONCLUSION

For the reasons set forth above, Ollie's Motion to Transfer Venue (ECF No. 9) to the Middle District of Pennsylvania is **GRANTED**. Ollie's Motion to Dismiss Plaintiffs' equitable relief claims (ECF No. 9) is moot and may be refiled in the transferee court if appropriate. An appropriate order will follow.


**Date:** November 26, 2018                     */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**